FILED IN CLERK'S OFFICE
U.S D.C. Atlanta

OCT 2 6 2005

LUTHER D. THOMAS, Clerk
By: J Reed
Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

COMPANION PROPERTY & :
CASUALTY INSURANCE CO.,
 :
   Plaintiff,
                             :    CIVIL ACTION NO.
v.
                             :    1:05-CV-1187-MHS
MOE'S SOUTHWEST GRILL, LLC,
et al., :

   Defendants. :

— and —

JERRY GARCIA ESTATE, LLC, :

   Plaintiff, :
                                CIVIL ACTION NO.
v. :
                                1:04-CV-3591-MHS
MOE'S SOUTHWESTERN GRILL, :
LLC, et al.,
 :
   Defendants.

## ORDER

There are several motions pending before the Court. The Court's rulings on each motion are set forth below.

On December 8, 2004, Jerry Garcia Estate, LLC, ("Garcia") brought a complaint against Moe's Southwestern Grill, LLC, WOW Brands, Inc. a/k/a

AO 72A
(Rev.8/82)

Raving Brands, LLC, H. Martin Sprock, III, individually, Leann Sprock, individually, (collectively "Moe's defendants") and Does 1 through 10. On April 15, 2005, Garcia amended its complaint to add twenty-eight (28) Moe's franchisees as defendants. Garcia brings several state and federal causes of action inter alia, trademark infringement, unfair competition, false endorsement, dilution of trademark, and copyright infringement. Garcia alleges that these defendants have wrongfully used musician Jerry Garcia's name, image, likeness, song lyrics, trademarks, and celebrity identity within Moe's Southwest Grill restaurants and elsewhere to promote its sales without authorization. These defendants have counterclaimed seeking declaratory judgments on Garcia's trademark, publicity, and copyright claims. This matter is currently pending in this Court, Civil Action No. 1:04-CV-3591-MHS ("Underlying Action").

On May 4, 2005, Companion Property and Casualty Insurance Company ("Companion") filed a declaratory judgment against Moe's defendants and Jerry Garcia Estate, LLC, regarding its obligations to defend and indemnify Moe's defendants in the Underlying Action. Companion alleges that the insurance policy does not cover Moe's defendants because they did not provide proper notice to Companion of the Underlying Action;

2

their acts were intentional and in knowing violation of the rights of another; they failed to cooperate with Companion in its investigation of the claims by Garcia; and they published the first material before the beginning of Companion's insurance policy period. Companion is currently providing a defense to Moe's defendants in the Underlying Action.

First, Companion has moved for a motion to stay the Underlying Action. Companion argues that it would be burdensome and unreasonable to require Companion to undergo such considerable costs in defending Moe's defendants while a determination is made regarding the parties' rights under the insurance policy. Moe's defendants argue in response that a stay of the Underlying Action is contrary to judicial economy and prejudicial to Garcia and Moe's defendants. Garcia also filed a response in opposition to Companion's motion arguing that Companion failed to serve all interested parties with its motion to stay or show that judicial economy and docket control would be served by such a stay, and that a stay would unfairly prejudice the parties in the Underlying Action.

In exercising its discretion regarding whether to stay an action, the Court must consider the interests of all parties and the Court's own interest

in the orderly disposition of its caseload. <u>Trujillo v. Conover & Co. Commc'ns.</u>, 221 F.3d 1262, 1264 (11th Cir. 2000); <u>Briggs & Stratton Corp. v. Concrete Sales & Serv., Inc.</u>, 166 F.R.D. 43, 47 (M.D. Ga. 1996). The Court concludes that it would be inequitable and prejudicial to the parties of the Underlying Action if the Court were to stay that action until Companion obtains a final ruling concerning policy coverage applicable to one party of the Underlying Action. <u>See</u> <u>id.</u> Accordingly, the Court denies Companion's motion to stay related proceedings.

Second, Moe's defendants move to consolidate discovery in the Underlying Action and the present declaratory judgment, or in the alternative, to stay the present declaratory judgment action. Moe's defendants argue that the Court should exercise its discretion to consolidate discovery in these proceedings in order to minimize the costs to litigants, avoid inconvenience to witnesses, and streamline the proceedings. Moe's defendants contend that the two proceedings have common legal and factual questions and that consolidation will avoid confusion, delay, and prejudice. In the alternative, Moe's defendants move to stay the Underlying Action because they will be prejudiced by inconsistent factual determinations and will be put in conflict with their insurer.

Companion argues in response that the two proceedings do not share common legal or factual questions and that consolidation will cause delay, confusion, and prejudice and improperly expand its contractual obligations. Companion opposes the alternative motion to stay the present declaratory judgment action arguing that Moe's defendants will not be prejudiced since the Underlying Action is not a parallel action and the resolution of those issues will have no direct bearing on the issues in the present action.

In actions involving common questions of law or fact, the Court has discretion to order consolidation on proceedings within those actions so as to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a); <u>Hendrix v. Raybestos-Manhattan, Inc.</u>, 776 F.2d 1492, 1495 (11th Cir. 1985). The Court finds that consolidation of discovery in the present matter with the Underlying Action is appropriate given the overlapping facts and the common issue of Moe's defendants' alleged willful and intentional acts and knowing violation of the rights of another. The Court is persuaded by the duplicative facts in these two actions, the burden on the parties and witnesses, and the relative expense to all concerned. Accordingly, the Court grants Moe's defendants' motion to consolidate discovery. The Court extends the discovery period to March 31, 2006, in the present matter. The parties shall submit

5

AO 72A
(Rev.8/82)

any motions for summary judgment no later than thirty (30) days following the expiration of all discovery.

Third, having granted Moe's defendants' motion to consolidate discovery, the Court denies Moe's defendants' alternative motion to stay proceedings.

Fourth, Moe's defendants' move for a protective order protecting three individuals from depositions until the Court rules on its motion to consolidate discovery. The Court grants Moe's defendants' motion for a protective order. Now that the Court has consolidated discovery in this matter with the Underlying Action, the Court has removed the burden and inconvenience to witnesses in having to sit for depositions in each matter. Accordingly, the depositions of Martin Sprock, Steve LaMastra, and Leigh Ann Sprock can go forward.

Fifth, Companion moves to compel discovery. The Court overrules Moe's defendants' objections to the discovery requests.[1] The Court finds that

---

[1] Moe's defendants object to Interrogatory No. 6 on the grounds that the information sought is part of attorney-client communications. Should Moe's defendants wish to assert an
(continued...)

the words and phrases in Companion's requests are not ambiguous in the context of Companion's questions, particularly given the fact that Companion provided definitions for several terms. The Court expects that Moe's defendants will amend their responses to provide additional information as they stated in their response brief to the Court. The Court trusts that Moe's defendants will be able to answer Companion's discovery requests, particularly now that the Court has consolidated discovery with the Underlying Action. Accordingly, the Court directs Moe's defendants to provide complete and full responses to Companion's Interrogatories and Requests for Production of Documents within thirty (30) days from date of entry of this order. The Court denies Companion's request for attorneys' fees for the reasonable expenses associated with this motion.

In addition, the Court instructs all parties in this action and the Underlying Action that the parties should confer, or attempt to confer, in good faith to resolve discovery issues. "Confer" means that counsel converse, compare views, and deliberate in an actual meeting or conference. See Williams v. Bd. of County Comm'rs, 192 F.R.D. 698, 700 (D. Kan. 2000);

---

[1](...continued)
attorney-client privilege, they must do so in accordance with Fed. R. Civ. P. 26(b)(5).

Shuffle Master, Inc. v. Progressive Games, Inc., 170 F.R.D. 166, 171 (D. Nev. 1996). "Good faith" means to act without the intention to defraud or abuse the discovery process, with honesty in trying to meaningfully discuss the discovery dispute, and with faithfulness to one's obligation to secure information without court action. See id.

Finally, should a future motion to compel discovery become necessary, the movant must include a certification setting forth the steps and actions taken by the movant to confer, or attempt to confer, in good faith to resolve the discovery dispute. Fed. R. Civ. P. 37. The Court will not reach the merits of any motion to compel unless the movant provides such certification and has adequately conferred or attempted to confer.

In summary, the Court DENIES plaintiff's motion to stay related proceedings [#4]; GRANTS plaintiff's motion to compel discovery [#17]; GRANTS Moe's defendants' motion to consolidate discovery [#18]; GRANTS Moe's defendants' motion for a protective order [#19]; DENIES Moe's defendants' alternative motion to stay proceedings [#21]; and DENIES Moe's defendants' request for expedited oral argument [#23].

The Court GRANTS Moe's defendants' motion to amend docket text entry and to clarify motion for a protective order [#25]. The Court DIRECTS the Clerk to amend the docket text entry for Moe's defendants' motion for protective order [#19] to show that it was not filed on behalf of Jerry Garcia Estate LLC.

The Court has consolidated discovery in <u>Companion Property & Casualty Ins. Co. v. Moe's Southwest Grill, LLC, et al.</u>, Civil Action No. 1:05-CV-1187-MHS, with discovery in <u>Jerry Garcia Estate, LLC v. Moe's Southwestern Grill, LLC, et al.</u>, Civil Action No. 1:04-CV-3591-MHS. The discovery period in both matters will close on March 31, 2006.

IT IS SO ORDERED, this 25 day of October, 2005.

_____
Marvin H. Shoob, Senior Judge
United States District Court
Northern District of Georgia

AO 72A
(Rev.8/82)